**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4335

CARROLL SIMPKINS, III,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
W. Earl Britt, Senior District Judge.
(CR-92-60)

Submitted: September 8, 1999

Decided: September 28, 1999

Before MURNAGHAN, WILKINS, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carroll Simpkins III, appeals the thirty-six-month prison sentence the district court imposed after revoking his supervised release. Simpkins asserts that the sentence was unreasonable because it exceeded the eighteen-to-twenty-four month sentence suggested under U.S. SENTENCING GUIDELINES MANUAL § 7B1.4, p.s. (1998), he was punished for the underlying conduct with a ninety-six-month sentence, and his rehabilitative efforts warranted a sentence within the guideline range. Simpkins also claims that the court failed to consider the factors in 18 U.S.C.A. § 3553(a) (West 1985 & Supp. 1999). We affirm.

After a thorough review of the record--including the nature and extent of Simpkins' supervised release violations, the probation officer's amended motion for revocation, the worksheet notifying the district court of the revocation range recommended in Chapter 7, and the arguments presented before the district court--we reject Simpkins' argument and conclude that the district court did not abuse its discretion in sentencing him to the thirty-six-month statutory maximum sentence. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) (providing standard of review). We also find that the district court properly considered the factors set forth in § 3553(a). See id. ("A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.").

Accordingly, we affirm Simpkins' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED